IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN RAY RUSSELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-641-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Steven Ray Russell, a state prisoner who was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), at the time the petition was filed, against William Stephens, Director of TDCJ. Telephonic communication with TDCJ confirmed that, on December 30, 2014, petitioner was released on parole. After having considered the pleadings, the documentary exhibits, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

I.  Factual and Procedural History

On January 29, 1999, petitioner was convicted of indecency

with a child in the 371st District Court of Tarrant County, Texas, Case No. 0674749D, and sentenced to 15 years' confinement. Adm. R., WR-57,737-03 Writ 48, ECF No. 12-5. Petitioner appealed his conviction and filed two state post-conviction habeas applications, to no avail. Petitioner has also filed two prior federal habeas petitions challenging the same state-court conviction. The first was dismissed on exhaustion grounds and the second was dismissed as untimely under the federal statute of limitations for § 2254 petitions. *Russell v. Dretke*, Civil Action No. 4:04-CV-164-A; *Russell v. Cockrell*, Civil Action No. 4:03-CV-068-A.

This third federal petition concerns TDCJ's failure to award him time credit on his sentence for the time he spent out on bond pending his appeal from February 4, 1999, through February 10, 2002. Specifically, petitioner claims that TDCJ has illegally extended his maximum expiration date from January 13, 2014, to January 13, 2017, by failing to credit his sentence for time he spent released on appeal bond subject to monitoring and house arrest and that he was deprived of effective assistance of counsel because his trial counsel and an officer of the trial court informed him that he would receive credit for the time. Pet. 6, ECF No. 1. TDCJ's Classification and Records Department

has provided the affidavit of Charley Valdez setting forth the relevant facts:

> Offender Russell was convicted by the 371st District Court of Tarrant County on the above offense. Offender Russell was released on appeal bond from Tarrant County custody on 2-3-1999. Offender Russell was returned to Tarrant County custody on 2-11-2002, due to Mandate that was issued on 2-7-2002 by the Court of Appeals for the Second District of Texas in Fort Worth, affirming cause number 0674749D. Offender Russell was charged 3-years and 8-days out of custody for time spent on bond.
>
> Offender Russell was transferred to TDCJ custody on 3-7-2002.
>
> Pursuant to Texas Government Code § 501.0081, this office received a Time Dispute Resolution Form from Offender Russell on 8-7-2008 and 1-8-2014. On 3-9-2009, this office responded to the 8-7-2008 dispute and advised Offender Russell that his 15-year sentence was to begin on 1-13-1999. Offender Russell was additionally advised that he was charged for 3-years and 8-days out of custody, and this office could not alter the records without a certified court order by the convicting court.
>
> On 4-7-2014, this office responded to the 1-8-2014 dispute. Offender Russell was incorrectly advised that due to his offense he was not eligible for street-time, he was charged for 3-years and 8-days of out of custody, and his maximum discharge date is 1-19-2017. Pursuant to Texas Code of Criminal Procedure Art. 42.09 § 2, Offender Russell should have been advised that he was charged 3-years and 8-days out of custody for the time he was on appeal bond, and that is why his maximum discharge date changed to 1-19-2017.

Resp't's Motion to Dismiss, Ex. A, ECF No. 13.

Petitioner raised his new claims in his second state habeas

3

application filed on May 1, 2014, which was dismissed by the Texas Court of Criminal Appeals on June 18, 2014, as successive. Adm. R., WR-57,737-03 Writ 37, ECF No. 12-5. Respondent has filed a motion to dismiss this federal petition as successive, untimely, or, in the alternative, unexhausted and procedurally defaulted. Resp't Mot. 1, ECF No. 13.

## II. Discussion

Respondent first claims this petition is successive because petitioner knew of the facts underlying his instant claims no later than the time he brought his March 2004 federal petition and he has not obtained authorization to file the petition. Title 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was not presented in a prior petition must be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

4

reasonable factfinder would have found the applicant
guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

A successive petition is one that raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner asserts that he could not have raised his claims in his prior federal petitions because he "did not learn of the factual predicate and/or basis for the claims presented until September 22, 2013." Pet. 9, ECF No. 1. However, petitioner offers no explanation as to why he could not have inquired about his sentence calculation earlier nor does he assert that external factors caused him from learning of the maximum expiration date of his sentence in the intervening eleven years following his appeal. *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992). Instead, with diligence, petitioner could have discovered that he would not receive credit for the time he spent on appeal bond at or near the time he was returned to custody on February 11, 2002, following the appellate court's mandate affirming his conviction. Therefore, petitioner could have raised his claims in his prior

5


federal petitions but did not. Accordingly, the petition is a successive petition.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Toward that end, this court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or, as petitioner requests, it may transfer the successive petition to the Fifth Circuit for a determination of whether the petitioner should be allowed to file the successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir.1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers). Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.[1] Accordingly, the petition should be dismissed to

---

[1] Even if the court had jurisdiction to consider the petition, which it does not, a prisoner does not have a federal constitutional right to credit for time spent free on appeal bond. *Cerrella v. Hanberry*, 650 F.2d 606, 607

allow petitioner to seek authorization to file his petition in the Fifth Circuit. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

The court notes that even if the petition were not successive, it is untimely under the federal statute of limitations. Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, the provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially

---

(5th Cir.), *cert. denied*, 454 U.S. 1034 (1981); *Everett v. Hargett*, 53 F.3d 1281, 1995 WL 295925, at *1 (5th Cir. Apr. 25, 1995).

7

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d)(1)-(2).

Under subsection (D), which would be applicable, petitioner could have discovered the factual predicate of his claims on March 9, 2009, at the latest, when he was advised by TDCJ that he was charged for 3-years and 8-days out of custody. Resp't's Mot. to Dismiss, Ex. A, ECF No. 13. At that point, petitioner was or should have been aware that he would not receive credit for his time on appeal bond and/or inquired about his sentence calulation.[2] Therefore, petitioner's federal petition was due on or before March 9, 2010, subject to any applicable tolling.

Petitioner's second state habeas application filed in May 2014, and his time-credit-dispute-resolution proceeding filed in January 2014, after limitations had expired, did not toll the limitations period under § 2244(d)(2). Scott v. Johnson, 227

---

[2] The fact that petitioner was later erroneously advised that he was ineligible for street-time because of his offense does not sway this result.

8

F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated that he pursued his rights with reasonable diligence but extraordinary circumstances prevented him from filing in a timely manner. *Holland v. Florida,* 560 U.S. 631, 653 (2010).

For the reasons discussed herein,

It is ORDERED that respondent's motion to dismiss be, and is hereby, granted and that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive. It is further ORDERED that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED February **10**, 2015.

*/s/ John McBryde*
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

9